UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

CHRIS ANTONIO POW,

                Plaintiff,        <u>COMPLAINT</u>
                                           03 CV 10133 (LAP)

      –against–

THE CITY OF NEW YORK, MICHAEL
CALLOWAY, and "JOHN DOE" 1–5, the
names being fictitious and
presently unknown, individually
and in their official capacity as
employees of the New York City
Police Department,

                Defendants.    **Jury Trial Demanded**

--------------------------------x

      CHRIS ANTONIO POW, by his attorney, Matthew Flamm,

alleges the following as his Complaint:

<u>Nature of the Action</u>

    1.   This civil rights action arises from the

September 20, 2002 unlawful arrest and subsequent

malicious prosecution of Chris Antonio Pow.  Plaintiff

seeks declaratory relief pursuant to 28 U.S.C. §2201 as

well as compensatory and punitive damages for violation

of his civil rights, under 42 U.S.C. §1981 and §1983.

<u>Jurisdiction</u>

    2.   This action arises under the United States

Constitution and 42 U.S.C.§1983.  This Court has subject

matter jurisdiction pursuant to 28 U.S.C. §1331 and

§1343(3).  Plaintiff asserts jurisdiction over the City

of New York under 28 U.S.C. §1367.  Plaintiff requests

that this Court exercise pendent jurisdiction over those

state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

<u>Venue</u>

3.   Under 28 U.S.C. §1391(b) venue is proper in the Southern District of New York because events giving rise to the plaintiff's claims occurred in that District.

<u>Parties</u>

4.   Plaintiff Chris Antonio Pow is an African–American and Asian–American citizen of the United States of America residing in the State of New York, County of Westchester, who was twenty three years old on the date of his arrest.

5.   Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.   Defendant Michael Calloway was at all times relevant a duly appointed and acting employee of the New York City Police Department.  On September 20, 2002, upon information and belief, he was a Detective assigned to the 30th Police Precinct in New York, New York.

7.   Defendant "John Doe" 1 was, upon information and belief, a duly appointed and acting employee of the

New York City Police Department holding the rank of
Sergeant assigned, at all times relevant, to the 30th
Police Precinct, New York, New York.

8.   Defendants "John Doe" 2-5, were at all times
relevant duly appointed and acting employees of the New
York City Police Department.  On September 19, 2002, upon
information and belief, they were assigned to the 30th
Police Precinct, New York, New York.

9.   Defendants Calloway and "John Doe" 1-5
(collectively the "individual defendants") were, at all
times relevant, acting under color of state law.

10.   The individual defendants involved in the
incident underlying this lawsuit were, at all times
relevant, agents, servants and employees acting within
the scope of their employment by defendant City of New
York.

<u>Notice of Claim</u>

11.   On August 8, 2003, plaintiff filed a Notice of
Claim upon defendant City of New York by delivering
copies thereof to the person designated by law as a
person to whom such claims may be served.

12.   The Notice of Claim was in writing, sworn to by
the plaintiff, and contained the name and post office
address of the plaintiff and his attorney.

13.   The Notice of Claim set out the nature of the
claim, the time when, the place where and manner by which

the claim arose, and the damages and injuries sustained by plaintiff.

14.   The New York City Comptroller's Office acknowledge receipt of the Notice of Claim on or about August 20, 2003, assigning it Claim Number 2003PI021062.

15.   The City of New York has neglected and failed to adjust the claims within the statutory time period.

16.   This action was commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

17.   On September 20, 2002, at or about 3:00 p.m., at and around the corner of 142nd Street and Broadway in New York, New York, the plaintiff was accosted by the individual defendants and unlawfully searched and arrested.

18.   At and around the above-referenced time and place, Mr. Pow was lawfully using a pay phone when he was approached by one or more of the individual defendants who said words akin to "Turn around!"

19.   When plaintiff asked "why," one of the individual defendants again demanded "Turn around!"

20.   Without cause or justification the individual defendants, or some of them, accosted and questioned Mr. Pow.   Despite that there was no reasonable suspicion,

much less probable cause, that Mr. Pow was committing a crime, the individual defendants, or some of them, searched the plaintiff's person.

21.  The individual defendants found on Mr. Pow $1,305.00 in United States currency.

22.  Even though the plaintiff was under no legal obligation to explain himself, he told the individual defendants that he was carrying approximately $1,000.00 of the $1,305.00 as rent money to put in an escrow account relating to a landlord/tenant dispute.

23.  This unlawful search yielded no evidence of any crime.

24.  No drugs or controlled substances were found on the Mr. Pow, nor were any other things found constituting indicia of the possession much less the sale of drugs.

25.  Mr. Pow did not have a marijuana pipe, rolling papers, crack pipes or vials, aluminum foil packets, or glassine envelopes on or about him.

26.  The only "evidence" that Mr. Pow was involved in criminal activity was that he was an African American male in his early twenties who was carrying $1,305.00 in cash.

27.  Upon information and belief, the individual defendants came to the conclusion that a youthful African American male with $1,305.00 in cash must have to be involved in selling drugs.

-5-

28.  At some point during the interaction, defendant Doe 1, a police sergeant, ordered one of the individual defendants to arrest Mr. Pow, saying words akin to "you already have him, just arrest him."  The order was made and followed despite that there was no evidence that Mr. Pow had committed a crime and in the face of apparent exculpatory information.

29.  Thereupon, without probable cause to believe that plaintiff had committed a crime, the individual defendants, or some of them, placed Mr. Pow under arrest, handcuffed him, removed him in a police vehicle to the 30th Precinct Stationhouse.

30.  Mr. Pow was falsely charged by the individual defendants, or one of them, with Criminal Sale of a Controlled Substance in the Third Degree (P.L. §220.39). He was held on the false charge for approximately two days.

31.  The plaintiff was forced to appear in New York Criminal Court numerous times to contest the baseless charge.

32.  On May 22, 2003, almost eight months after the was arrested, the manifestly false charge brought by the individual defendants, or some of them, was dismissed on a motion by the District Attorney.

33.  The individual defendants, despite having a reasonable opportunity to do so, took no action to

–6–

prevent, end, or truthfully report the unlawful search, detention, arrest, and prosecution of the plaintiff.

34.  As a result of the foregoing, Mr. Pow suffered, among other things, the shock, fright, and humiliation of being publicly accosted, searched, detained, and arrested and falsely charged, and the deprivation of his constitutional rights, among other injuries.  He suffered the fear and anxiety associated with being the subject of an on-going criminal prosecution for approximately eight months until the false charge was dismissed.

35.  At all times relevant, in detaining, searching, arresting, and bringing false charges against the plaintiff, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR
### VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
### UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
### FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

36.  Plaintiff repeats the allegations of paragraphs 1-35 as though fully stated herein.

37.  By the actions described above, the individual defendants, or some of them, deprived Mr. Pow of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to, his right to be free and secure in his

person and his right to be free from arrest or search,
except on probable cause or pursuant to a warrant.

38.   As a consequence thereof, Chris Antonio Pow has
been injured.

SECOND CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES AND SEIZURES UNDER ARTICLE
ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

39.   Plaintiff repeats the allegations of paragraphs
1-35 as though fully stated herein.

40.   By the actions described above, the individual
defendants, or some of them, deprived Mr. Pow of his
rights secured by the Constitution of the State of New
York, including, but not limited to, his right to be free
and secure in his person and home and his right to be
free from arrest or search except on probable cause or
pursuant to a warrant.

41.   As a consequence thereof, plaintiff has been
injured.

THIRD CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

42.   Plaintiff repeats the allegations of paragraphs
1-35 as though fully stated herein.

43.   By reason of the foregoing, plaintiff was
intentionally confined without privilege or probable
cause to believe a crime had been committed.  Plaintiff
was aware of and did not consent to the confinement.
Plaintiff was thereby falsely detained and imprisoned.

-8-

44.  As a consequence thereof, Chris Antonio Pow has been injured.

FOURTH CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION IN VIOLATION OF
PLAINTIFF'S RIGHTS UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

45.  Plaintiff repeat the allegations of paragraphs 1-35 as though fully stated herein.

46.  The individual defendants, or some of them, without probable cause and with actual malice, commenced or allowed the commencement of a Criminal Court proceeding against plaintiff charging him with Criminal Sale of a Controlled Substance in the Third Degree (P.L. §220.39).

47.  Plaintiff suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge on numerous occasions until the charge was dismissed on the motion of the District Attorney.

48.  As a consequence thereof, Chris Antonio Pow has bene injured.

FIFTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

49.  Plaintiff repeat the allegations of paragraphs 1-35 as though fully stated herein.

50.  By reason of the foregoing, Mr. Pow was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in a manner indicative of the plaintiff's innocence.

51.  As a consequence thereof, plaintiff has been injured.

SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

52.  Plaintiff repeats the allegations of paragraphs 1-35 as though fully stated herein.

53.  The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Pow was subjected, despite having a reasonable opportunity to do so.

54.  As a consequence thereof, Chris Antonio Pow has been injured.

SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

55.  Plaintiff repeats the allegations of paragraphs 1-35 as though fully stated herein.

56.  The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement

personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully search, detain, arrest, prosecute.

57.   The defendant City of New York's failure properly to assign, train, supervise or discipline its Police Officers, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests and false allegations, and allowed the individual defendants to believe that they could with impunity search, detain, arrest, and prosecute Mr. Pow.

58.   As a consequence thereof, Chris Antonio Pow has been injured.

<u>Request for Relief</u>

**WHEREFORE**, plaintiff respectfully requests that judgment be entered as follows:

(A)   Declaratory relief as follows:

1.   That plaintiff's right to be free from unreasonable searches and seizures under the United States Constitution was violated;

**2.**   That plaintiff's right to be free from unreasonable searches and seizures under Article 1, Section 12 of the New York State Constitution was violated;

-11-

3.   That plaintiff's right to be free from malicious prosecution under the United States Constitution was violated;

(B)  Compensatory damages in an amount to be fixed at trial;

(C)  By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)  An award to plaintiff of the costs and disbursements herein;

(E)  An award of attorney's fees under 42 U.S.C. §1988;

(F)  Such other and further relief as this Court may deem just and proper.

Dated:   December 22, 2003
         Brooklyn, New York

                              S/
                              _____
                              MATTHEW FLAMM **MF1309**
                              Attorney for Plaintiff
                              26 Court Street, Suite 600
                              Brooklyn, New York  11242
                              (718) 797-3117